UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
MELANIE DAWN BAIRD,                 )
          Plaintiff,                )
                                    )        Civil Action No.
          v.                        )        22-12054-NMG
                                    )
THE ATTORNEY GENERAL OF THE         )
UNITED STATES, THE DEPARTMENT OF    )
JUSTICE, et al.,                    )
          Defendants.               )
                                    )
```

ORDER

GORTON, J.

On June 23, 2023, pro se plaintiff Melanie Baird filed a
Notice of Appeal (Docket No. 10) with regard to the Court's May
19, 2023 order (Docket No. 7) in which the Court ordered, inter
alia, that the United States Department of Justice be dismissed
as a defendant on the ground of sovereign immunity.  Baird
simultaneously filed a "Request for Permission from the District
Court Judge to Certify that an Interlocutory Order May Be
Appealed," (Docket No. 11), which the Court treats as a motion.

I.    Request for Certification

Presumably, Baird is relying on 28 U.S.C. § 1292(b), which
gives a Court of Appeals discretion to accept an interlocutory
appeal from a District Court when the District Court states in
writing that its order "involves a controlling question of law
as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, the Court's May 19, 2023 order does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." Thus, there is no basis for the Court to make the certification Baird requests, and the motion is denied in this respect.

## II.  Request to File a Late Notice of Appeal

Baird also asks the Court for permission to file a late notice of appeal. See Request for Permission at 3. To the extent the appeal period is governed by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure (requiring notice of appeal to be filed within 30 days of the entry of the judgment or order appealed from), rather than by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure (providing a 60-day appeal period when one of the parties is the United States or one of its agencies or employees), the motion is allowed.

## III. Administrative Complaint Requirement of the FTCA

In its May 23, 2023 order, the Court declined to construe Baird's complaint as asserting a claim against the DOJ under the Federal Tort Claims Act because Baird had not indicated that she had filed an administrative complaint with the agency. In the Request for Permission, Baird contends that the DOJ was improperly dismissed because, inter alia, she has met the

2

administrative exhaustion requirement of the FTCA.  She

represents that, on August 9, 2021, she sent "a detailed

complaint and notifce [sic] of intent to sue" to the "Attorney

General of the United States Department of Justice, the Office

of the Attorney General, and the United Staes [sic] Attorney's Office

District of Massachusetts."  Request for Permission at 2.  Baird

further states that "the DOJ failed to make a final disposition

of the claim" within the six months after she submitted the

administrative claim.

The Court construes this portion of Request for Permission

as a motion to reinstate the DOJ as a party to this action.  As

the propriety of the Court's dismissal of the DOJ is now before

the Court of Appeals, the Court will not adjudicate the motion.

However, the Court would grant the motion if the Court of

Appeals remands for that purpose, see Fed. R. Civ. P. 62.1,

substitute the United States as a defendant, see Nieves-Romero

v. United States, 715 F.3d 375, 378 n.2 (1st Cir. 2013) (stating

that "[t]he United States is the proper defendant in an FTCA

case" (citing 28 U.S.C. § 2679(a))), and order that a summons

issue as to the United States.  The grant of the motion would be

solely on the basis the basis that Baird has adequately alleged

that she has fulfilled the administrative claim requirement of

the FTCA.  At this juncture, the Court takes no position on

Baird's assertion that the United States, through the DOJ and DOJ employees, is liable to her.

<u>ORDER</u>

In accordance with the foregoing, treating the Request for Permission (Docket No. 11) as a motion, the Court orders:

1.     The motion is **DENIED** insofar as Baird asks the Court to certify that its May 12, 2023 order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

2.     The motion is **ALLOWED** insofar as Baird seeks an extension of time to file a notice of appeal.

3.     Insofar as Baird is asking that this Court reinstate the DOJ as a defendant, the Court states that it would grant the motion in accordance with Section III, <u>infra</u>, if the Court of Appeals remands for that purpose.

4.     The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: 06/28/2023